**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. SPECIALTY INSURANCE COMPANY,** | **:** | |
| **Plaintiff,** | **:** | |
| **v.** | **:** | **Case No. 1:11-cv-00640-CAB** |
| **DAVID MICHEAL JR.,** *et al.,* | **:** | **Judge Christopher A. Boyko** |
| **Defendants.** | **:** | |

**ANSWER AND COUNTERCLAIM BY DOUGLAS A. HARTZ, RECEIVER**
**FOR THE ULTIMATE WARRANTY CORPORATION**

Now comes Defendant Douglas A. Hartz, Receiver (the "Receiver") for the Ultimate Warranty Corporation, Ultimate Warranty of Wisconsin, Inc., Ultimate Warranty of Ohio, Inc., d.b.a. Ultimate Warranty of Arizona, and Extended Auto Warranty Corporation (collectively, "Ultimate Warranty") and for his Answer to the Complaint for Interpleader states as follows:

1.      The Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.      In answer to Paragraph 2 of the Complaint, the Receiver admits that on October 5, 2010, he entered into a Mutual Release and Settlement Agreement (the "Settlement Agreement") with Defendants David Michael, Jr. ("Michael Jr.") and David Michael, Sr. ("Michael Sr.")

(jointly, the "Michaels") and that a Stipulated Judgment Entry (the "Judgment") granting the Receiver judgment against Michael Jr. in the amount of $250,000.00 was entered on April 6, 2011 in the case of *Douglas A. Hartz, as Receiver for Ultimate Warranty Corporation v. Reminger Co., L.P.A., et al*, Case No. CV-09-682438, in the Common Pleas Court of Cuyahoga County, Ohio.  Copies of the Settlement Agreement and the Judgment are attached hereto as Exhibits 1 and 2, respectively, and are incorporated herein.  The Receiver further admits that Michael Jr. has requested coverage for the Judgment under the Policy (as defined in the Complaint) or has reserved the right to do so and that payment of the Judgment is an obligation of Plaintiff under the Policy.  The Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      The Receiver lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Complaint and therefore denies the same.

4.      In answer to Paragraph 13 of the Complaint, the Receiver admits that he is the Court appointed receiver for Ultimate Warranty pursuant to Order of the United States District Court, Northern District of Ohio in the case of *R. David Black, Director of South Carolina Department of Insurance as Receiver for Capital Assurance Risk Retention Group v. The Ultimate Warranty Corporation et al.*, Case No. 1:08CV1077 and that all of the Ultimate Warranty corporations had their principle places of business in Ohio.

5.      The Receiver admits the allegations in Paragraph 14 of the Complaint.

6.      The Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

7.      The Receiver admits the allegations contained in Paragraph 16 of the Complaint.

8.      In answer to Paragraph 17 of the Complaint, the Receiver states that the Policy speaks for itself and denies any allegations inconsistent with the language of the Policy.  The Receiver further lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore denies the same.

9.      In answer to Paragraph 18 of the Complaint, the Receiver states that the Policy speaks for itself and denies any allegations inconsistent with the language of the Policy.

10.     The Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 19 and 20 of the Complaint and therefore denies the same.

11.     In answer to Paragraph 21 of the Complaint, the Receiver admits that the South Carolina Action (as defined in the Complaint) remains pending against Gary Osborne ("Osborne"), Paul Newton ("Newton"), Timothy Miller ("Miller") and Lawrence Stanley ("Stanley"), but denies that the South Carolina Action remains pending against Michael Jr. and Michael Clark ("Clark") as that action is stayed against them due to their respective bankruptcy filings.  The Receiver further admits that Osborne and Newton, and USA Risk Group of South Carolina, Inc., USA Risk Group of Vermont, Inc., and USA Risk Group, Inc. (collectively, "USA Risk"), have recently entered into a settlement agreement in regard to the South Carolina Action, which settlement agreement has been approved by the South Carolina Court of Common Pleas overseeing the Receivership of Capital Assurance Risk Retention Group, Civil Action No. 07-CP-40-6972, captioned *R. David Black, Director of South Carolina Department of Insurance vs. Capital Assurance Risk Retention Group, Inc.,* and the Ultimate Warranty Receivership Court.  The Receiver further admits that Osborne, Newton and USA Risk or their insurer are

obligated to pay $500,000.00 under that settlement agreement.  The Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore denies the same.

12.     In answer to Paragraph 22 of the Complaint, the Receiver denies that the Ohio Action (as defined in the Complaint) remains pending against Michael Jr., Michael Sr. and Clark. The Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the Complaint and therefore denies the same.

13.     In answer to Paragraph 23 of the Complaint, the Receiver admits that he entered into the Settlement Agreement with the Michaels, which Settlement Agreement has been approved by the Ultimate Warranty Receivership Court.  The Receiver further admits that the Judgment has been entered by the Court in the Ohio Action.  The Receiver further admits that he and/or Michael Jr. have requested or reserved the right to request that the Judgment be paid directly from Plaintiff, U.S. Specialty Insurance Company ("U.S. Specialty") to the Receiver. The Receiver further admits that he has entered into a settlement with Clark in the Ohio Action. The Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 and therefore denies the same.

14.     The Receiver lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and 25 of the Complaint and therefore denies the same.

15.     In answer to Paragraph 26 of the Complaint, the Receiver admits that U.S. Specialty is a mere stakeholder and has no beneficial interest in the remaining Policy proceeds. The Receiver lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 26 of the Complaint and therefore denies the same.

16.     The Receiver admits the allegations of Paragraph 27 of the Complaint.

17.     The Receiver denies all other allegations contained in the Complaint, which are not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

18.     The Receiver claims a superior interest in the balance of the Policy interpled by U.S. Specialty due to the Settlement Agreement and Judgment.

## SECOND AFFIRMATIVE DEFENSE

19.     The Receiver hereby raises and preserves each and every defense as set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure and further reserves the right to raise such other additional defenses as may appear appropriate following further discovery.

## THIRD AFFIRMATIVE DEFENSE

20.     The Defendants, other than the Receiver, have waived their rights to claim a superior interest to the Receiver's interest in the balance of the Policy proceeds interpled by U.S. Specialty.

## COUNTERCLAIM

For his counterclaim against U.S. Specialty, the Receiver states as follows:

21.     The Receiver is the judgment creditor on the Judgment entered against Michael Jr. in the amount of $250,000.00.  A copy of the Judgment is attached hereto as Exhibit 2 and is incorporated herein.

22.     The Policy provides indemnity coverage to Michael Jr. for the amount owing to the Receiver on the Judgment.

23.     In its Complaint, U.S. Specialty alleges that the Policy has a limit of $1,000,000.00 (the "Policy Limit") and that it has expended all of the Policy Limit except for

$96,255.09 (the "Interpled Amount").  On information and belief, some of the amounts expended by U.S. Specialty from the Policy Limit were not appropriate expenditures for U.S. Specialty to apply towards the reduction of its Policy Limit (the "Inappropriate Expenditures").

24.     These Inappropriate Expenditures should not be applied to reduce the Policy Limit available to pay on the Receiver's Judgment.

25.     The Receiver is entitled to an accounting of all amounts which U.S. Specialty has applied to reduce the Policy Limit.

26.     In addition to the Interpled Amount, the Receiver is entitled to recover the amount of the Inappropriate Expenditures from U.S. Specialty.

WHEREFORE, the Receiver respectfully requests:

a.      That the Court order that the Receiver is entitled to all of the Interpled Amount to be applied to the Judgment;

b.      That the Court order U.S. Specialty to provide an accounting of all expenditures that it has applied toward reduction of the Policy Limit;

c.      That the Court grant judgment in favor of the Receiver against U.S. Specialty for all amounts that it inappropriately applied to reduce its Policy Limit up to full payment of the Receiver's Judgment;

d.      That the Receiver be awarded costs, attorney's fees and such other relief to which the Receiver may be entitled.

Respectfully submitted,

_____/s/ Douglas L. Hertlein_____
Douglas L. Hertlein    (0040267)
Todd H. Neuman        (0059819)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215
T:  (614) 221-8500
F:  (614) 221-5988
Email:   hertlein@aksnlaw.com
          neuman@aksnlaw.com
*Attorney for Douglas A. Hartz, as Receiver for the Ultimate Warranty Corporation, Ultimate Warranty of Wisconsin, Inc., Ultimate Warranty of Ohio, Inc., d.b.a. Ultimate Warranty of Arizona, and Extended Auto Warranty Corporation*

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2011, a copy of the foregoing *Answer and Counterclaim by Douglas A. Hartz, Receiver for The Ultimate Warranty Corporation* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties were served by regular U.S. Mail at the addresses indicated below.  Parties may access this filing through the Court's System.

**Via Electronic Service Only**

Kristin K. Going, Esq.
Joseph A. Bailey III, Esq.
*Attorney for Plaintiff*

**Via Regular U.S. Mail**

David A. Michael, Jr.
32580 Lake Road
Avon Lake, Ohio 44012

David Michael, Sr.
42 Circle Drive
Fort Myers, Florida 33908

David Michael, Sr.
6677 Ridge Plaza Drive
North Ridgeville, Ohio 44039

Anthony Scatena
19 Fairway Drive
West Pittston, Pennsylvania 18643

Gary Osborne
79 Henry Hough Road
Waterbury, Vermont 05676

Paul Newton
1716 Vassar Drive
Charleston, South Carolina 29407

Edwardo Jordan
c/o Mark L. Taylor, Esq.
Powers Taylor LLP
Campbell Centre II
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206

Michael Clark
2365 Pebblebrook Blvd.
Westlake, Ohio 44145

Timothy Miller
9392 Sherman Lane
North Royalton, Ohio 44133

Timothy Miller
4800 West 220th Street
Fairview Park, Ohio 44126

Lawrence Stanley
7511 East Harbor Road, Lot 108
Marblehead, Ohio 43440

/s/ Douglas L. Hertlein
Douglas L. Hertlein   (0040267)