

EXHIBIT 1

## MUTUAL RELEASE AND
## SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement (the "Agreement") is executed this 5th day of October, 2010 between DAVID A. MICHAEL, JR. ("MICHAEL, JR.") and DAVID A. MICHAEL, SR. ("MICHAEL, SR.") (collectively, MICHAEL, JR. and MICHAEL, SR. are referred to collectively as the "DEFENDANTS") and DOUGLAS A. HARTZ, as Receiver, for THE ULTIMATE WARRANTY CORPORATION ("RECEIVER") for claims arising out of DEFENDANTS' involvement in the operation of Ultimate Warranty Corporation.

RECEIVER, for The Ultimate Warranty Corporation and its parents, subsidiaries, affiliates, shareholders, officers, directors, general and limited partners, insurers, employees, servants, agents, legal and personal representatives, successors and assigns, past, present and future, in exchange for (1) DEFENDANTS agreeing to a judgment entry in the amount of *Two Hundred Fifty Thousand Dollars* ($250,000.00) ("Judgment Entry") (a copy of the Judgment Entry is attached as Exhibit A); and (2) other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, releases and forever discharges DEFENDANTS, and their legal and personal representatives, agents, successors and assigns, past, present and future, and each of them, from and against any and all claims, rights, demands, attorneys' fees, actions, damages and causes of action, whether in law or in equity, contract or tort, which RECEIVER now has or claims to have, or ever has had or may later have against DEFENDANTS, arising out of or in any manner whatsoever related to the operation of Ultimate Warranty Corporation. Without limiting the generality of the foregoing, the scope of this Agreement further includes, but is not limited to, all claims, rights, demands, attorneys' fees, actions, damages and causes of action in any way related to or connected with DEFENDANTS' involvement as an officer, consultant and director of Ultimate Warranty Corporation. The scope of this release also covers RECEIVER'S claims that were, or could have been made, against DEFENDANTS, in the lawsuit styled *Hartz, as Receiver, for Ultimate Warranty Corporation v. Reminger Co., LPA*, Cuyahoga County Court of Common Pleas Case No. CV 09 682438 (the "Lawsuit"). This release is not intended to, and shall not be interpreted to provide a release of claims to any other defendant in the Lawsuit.

DEFENDANTS shall notify their insurance company providing a defense under their D & O policy and obtain approval for this settlement from said insurance company pursuant to ¶(D)(1) page 12 of that certain U.S. Specialty Insurance Company policy.

Other than any obligations under or claims for breach of this Agreement, this Agreement extinguishes any and all liabilities and/or responsibilities of DEFENDANTS under any legal theory in law or in equity, including but not limited to actions sounding in tort. The RECEIVER specifically states that DEFENDANTS are "liable in tort" as set forth in the Ohio contribution statues and *Fidelholtz v. Peller*, 81 Ohio St.3d 197 (1998) regarding the injuries and damages alleged in the Lawsuit and this Agreement is entered into in settlement of that liability. This Agreement has been entered into in good faith.

DEFENDANTS, for good and valuable consideration release and forever discharge the RECEIVER, the Ultimate Warranty Corporation and its parents, subsidiaries, affiliates, shareholders, officers, directors, general and limited partners, insurers, employees, servants, agents, legal and personal representatives, successors and assigns, past, present and future, from and against any and all claims, rights, demands, actions, damages and causes of action, whether in law or in equity, contract or tort, which DEFENDANTS now have or claim to have, or ever have had or may later have against the RECEIVER, the Ultimate Warranty Corporation arising out of or in any manner whatsoever related to the Lawsuit, the Ultimate Warranty Corporation and its Receivership.

The RECEIVER shall seek approval of this Agreement with the Receivership Court and DEFENDANTS may enter an appearance in the UWC Receivership Court and file a brief in support of the approval of this Agreement.

This Agreement has been, and shall for all purposes shall be deemed to have been, executed and delivered within the state of Ohio, and the rights and obligations of the parties hereto shall be construed and enforced in accordance with and governed by the laws of the state of Ohio. Any disputes regarding this Agreement shall be brought in the United States District Court, Northern District of Ohio in the case of *Scott H. Richardson, as Receiver for Capital Assurance Risk Retention Group v. The Ultimate Warranty Corporation*, Case No. 1:08CV1077 (the "UWC Receivership Court") and the parties consent to the jurisdiction of the UWC Receivership Court.

This Agreement is the entire agreement between the parties with respect to the subject matter hereof. It supersedes all prior and contemporaneous oral and written agreements and discussions. It may be amended only by an agreement in writing, signed by all of the parties hereto.

This Agreement is binding upon, and shall benefit the parties hereto and their respective agents, employees, representatives, officers, directors, subsidiaries, assigns, heirs, and successors in interest.

Each party has cooperated in, and in any construction to be made of this Agreement shall be deemed to have cooperated in, the drafting and preparation of this Agreement.

The parties warrant and represent that they have not assigned any claims, rights, damages, demands, or causes of action to any other person or entity, including by way of subrogation.

DEFENDANTS warrant and represent that the confidential financial information they provided to the RECEIVER via email on Oct 3, 2010 from MICHAEL, JR.'S counsel to RECEIVER's counsel was, at the time of its submission (and still is at the time of the execution of this Agreement), true, complete, accurate and correct in all material

respects. The RECEIVER is relying upon these financial warranties and representations as a substantial and material term of this Agreement. This information will remain confidential unless the RECEIVER learns that these financial warranties and representations are materially false or misleading. In that event, the financial information will no longer be confidential and the release provided in favor of DEFENDANTS in this Agreement shall be void and the RECEIVER shall be entitled to pursue any and all claims against DEFENDANTS and the RECEIVER'S claims shall not be limited by the Judgment Entry and shall not be barred by an applicable statute of limitations.

DEFENDANTS agree to cooperate with RECEIVER in RECEIVER'S prosecution of his claims against other defendants in the Lawsuit and any other suits pursued by the RECEIVER and the Receiver for Capital Assurance Risk Retention Group. This agreement to cooperate includes appearing for taped interviews by the RECEIVER in Columbus, Ohio, at the RECEIVER'S counsel's office, phone consultation with the RECEIVER'S counsel, and, if necessary, appearing as a witness at hearings and trials, whether in South Carolina, Ohio, or otherwise. This cooperation will be at DEFENDANTS' cost.

The parties agree to execute such further documents as may be necessary to effectuate the intent of this Agreement.

If any provision of this Agreement shall be invalid or unenforceable, the remaining provisions hereof shall continue to be fully effective.

For convenience of the parties hereto, this Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of them shall constitute one and the same instrument.

IN WITNESS WHEREOF, DEFENDANTS and the RECEIVER, having read and understood this Agreement, have voluntarily and with full knowledge executed it this 5th day of October, 2010.

[Remainder of Page Intentionally Left Blank]

DAVID A. MICHAEL, JR.

By: /s/ David A. Michael, Jr.

Witness

David A. Michael, Jr.

DAVID A. MICHAEL, SR.

By: /s/ David A. Michael, Sr.

Witness

David A. Michael, Sr.

DOUGLAS A. HARTZ, as Receiver, for THE ULTIMATE WARRANTY CORPORATION

By: /s/

Witness

Title: Receiver

CONSENT BY D & O INSURANCE POLICY COMPANY

U.S. SPECIALTY INSURANCE COMPANY

By: _____

Witness

Title: _____



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DOUGLAS A. HARTZ, as Receiver | : | |
| Plaintiff, | : | |
| v. | : | Case No. CV-09-682438 |
| REMINGER CO., L.P.A., et al., | : | Judge Richard McMonagle |
| Defendant. | : | |

## STIPULATED JUDGMENT ENTRY

Pursuant to the settlement agreement between the Plaintiff Douglas A. Hartz and Defendant David A. Michael, Jr., judgment is hereby GRANTED in favor of Plaintiff Douglas A. Hartz against Defendant David A. Michael, Jr. in the amount of $250,000.00. Plaintiff Douglas A. Hartz's claims against the remaining Defendants remain.

_____       _____
Date                                                              Judge Richard McMonagle

APPROVED:

_____       _____
Todd H. Neuman        (0059819)            Thomas C. Pavlik        (0017305)
Douglas L. Hertlein    (0040267)             Novak Robenalt & Pavlik LLP
Allen Kuehnle Stovall & Neuman LLP      1660 West 2nd Street, Suite 950
17 South High Street, Suite 1220              Cleveland, OH 44113
Columbus, Ohio 43215                             T: (216)781-8700; F: (216) 781-9227
T: (614) 221-8500; F: (614) 221-5988     tpavlik@nrplaw.com
neuman@aksnlaw.com                           *Counsel for Defendant David A. Michael, Jr.*
hertlein@aksnlaw.com
*Plaintiff's Counsel*