UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | Case No. 1:11-CV-00640-CAB |
| Plaintiff, | |
| v. | JUDGE CHRISTOPHER A. BOYKO |
| DAVID MICHAEL JR., et al., | |
| Defendants. | **ANSWER OF DEFENDANTS PAUL NEWTON AND GARY OSBORNE** |

Defendants Paul Newton and Gary Osborne, by and through their undersigned attorneys and for their answer to Plaintiff's Complaint, state as follows:

1. Answering the allegations of Paragraph 1, these Defendants admit upon information and belief that this matter is a statutory interpleader action to determine the proper distribution of remaining insurance policy proceeds, and that a true and correct copy of the Policy is attached to the complaint as Exhibit A. Defendants admit that the aggregate limit of liability under the policy is one million dollars. These defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 1, and therefore deny the same and demand strict proof thereof.

2. Answering the allegations of Paragraph 2, these Defendants lack knowledge and information sufficient to form a belief as to the amount of the remaining Policy limit as alleged therein, and therefore deny the same and demand strict proof thereof. These Defendants admit, upon information and belief, the remaining allegations of Paragraph 2. By way of further response, these Defendants claim and state that they are entitled to coverage pursuant to the terms of the Policy for benefits including but not limited to past and future defense costs and other liabilities which may arise from a lawsuit pending against them in the District Court of

Dallas County, Texas, 298th Judicial District styled *Vaughn v. Lockton et al.,* Case No. 08-03518 (the Texas Action). In addition, these Defendants state that they have asserted a right to coverage for unreimbursed defense costs and claim that they are entitled to coverage under the Policy for a settlement agreement reached in that case pending in the Court of Common Pleas of Richland County, South Carolina known as *Black v. Scatena et al.,* bearing Civil Action No. 08-CP-40-4523 (the South Carolina Action). Finally, these Defendants are informed and believe that, if the Plaintiff were to fund that settlement on their behalf, the remaining Policy limit would be exhausted.

3. These Defendants admit, upon information and belief, the allegations of Paragraphs 3, 4, 5 and 6.

4. The allegations of Paragraphs 7 and 8 are admitted.

5. These Defendants admit, upon information and belief, the allegations of Paragraphs 9, 10, 11 and 12.

6. Answering the allegations of Paragraph 13, these Defendants admit that Defendant Douglas A. Hartz is the court appointed Receiver of certain Co-Defendants, as alleged. These Defendants deny that Defendant Douglas A. Hartz is a citizen and resident of the state of Ohio.

7. Defendants state that the allegations of Paragraphs 14, 15, and 16 constitute conclusions of law to which no response is required. To the extent any response may be required, these Defendants deny the allegations of Paragraphs 14, 15, and 16 of Plaintiff's Complaint.

8. Answering the allegations of Paragraphs 17 and 18, these Defendants admit that they are Insured Persons under the Policy. The remaining allegations concern the terms of the Policy, which speaks for itself. These Defendants deny any and all allegations of Paragraphs 17 and 18, which are inconsistent with the terms of the Policy.

9. Answering the allegations of Paragraph 19, these Defendants admit that they have sought coverage under the Policy for the Texas Action and the South Carolina Action. These Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 19, and therefore deny the same and demand strict proof thereof.

10. Answering the allegations of Paragraph 20, these Defendants admit that the Texas Action was brought and remains pending against Anthony Scatena, Edwardo Jordan, Timothy Miller and these Answering Defendants. These Defendants further admit that their Defense Costs, until recently, had been reimbursed by the Plaintiff at twenty-five percent. These Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 20, and therefore deny the same and demand strict proof thereof.

11. Answering the allegations of Paragraph 21, these Defendants admit that the South Carolina Action remains pending against them and David Michael, Jr., Michael Clark, Timothy Miller and Lawrence Stanley. These Defendants also admit that the Plaintiff has been, until recently, reimbursing fifty percent of their Defense Costs. These Defendants deny the allegation that they "have not requested coverage under the Policy" for their share of the settlement reached in the South Carolina Action. These Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 21, and therefore deny the same and demand strict proof thereof.

12. These Defendants lack knowledge and information sufficient to form belief as to the allegations of Paragraphs 22 and 23, and therefore deny the same and demand strict proof thereof.

13. Answering the allegations of Paragraph 24, these Defendants admit that they object to the exhaustion of the remaining Policy limit for the exclusive funding of the Michaels

Settlement.  Except to the extent previously admitted herein, these Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 24, and therefore deny the same and demand strict proof thereof.

14. These Defendants admit, upon information and belief, the allegations of Paragraphs 25, 26 and 27.

## **ADDITIONAL DEFENSES**

15. Each and every allegation of the Complaint not hereinafter specifically admitted is denied.

WHEREFORE, having fully answered the Complaint of the Plaintiff herein, these Defendants pray that the Court inquire into the matters raised by the pleadings and consider and adjudicate: (a) the rights and claims of these Defendants under the Policy for reimbursement of defense costs and funding of their settlement of the South Carolina Action; and (b) the rights and claims of these Defendants under the Policy to past and future Policy benefits due by virtue to the Texas Action.

Respectfully submitted,

*William H. Falin*
WILLIAM H. FALIN, ESQ. (0038839)
SEAMUS J. MCMAHON, ESQ. (0077103)
**MOSCARINO & TREU LLP**
The Hanna Building
1422 Euclid Avenue, Suite 630
Cleveland, Ohio  44115
Telephone:     (216) 621-1000
Facsimile:      (216) 622-1556
Email:           wfalin@mosctreu.com
                    smcmahon@mosctreu.com

Counsel for Defendants
Paul Newton and Gary Osborne

4

## SERVICE

I hereby certify that on the 26th day of May, 2011, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

*William H. Falin*
WILLIAM H. FALIN, ESQ.

Counsel for Defendants
Paul Newton and Gary Osborne